**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHELLE M. JOYCE,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:16-cv-00758** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **CAPITAL AREA TRANSIT and** | : | |
| **JIM CRAMER,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

Before the Court in the above-captioned action are three pending motions to dismiss.

(Doc. Nos. 3, 7, 12.)  For the reasons set forth below, the motion to dismiss filed by Plaintiff

Michelle M. Joyce ("Joyce") will be deemed withdrawn, the motions to dismiss filed by

Defendants Capital Area Transit ("CAT") and Jim Cramer ("Cramer") will be granted in part,

and this action will be remanded to the Court of Common Pleas of Dauphin County.

**I.    BACKGROUND**

**A.    Factual Background[1]**

Joyce is an adult female residing in Hershey, Pennsylvania.  (Doc. No. 1-4 ¶ 1.)  On the

evening of December 31, 2013, Joyce left work planning to take her regular bus – the Route 322

Hershey Hummelstown bus – home to Hershey.  (Id. ¶ 11.)  When her regular bus failed to

arrive, she decided to take the Number 7 bus to Middletown.  (Id. ¶¶ 13-14.)  Initially, the bus

was filled with passengers;  however, the number of riders decreased as the bus approached the

---

[1] The following factual background is taken from Plaintiff's complaint.  (Doc. No. 1-4.)
Plaintiff's allegations are accepted as true for the purpose of the instant motion to dismiss.  See
Schuylkill Energy Res., Inc. v. Pa. Power & Light Co., 113 F.3d 405, 417 (3d Cir. 1997)
(explaining that "[w]hen reviewing a Rule 12(b)(6) dismissal, [the court] must accept as true the
factual allegations in the complaint and all reasonable inferences that can be drawn from them").

stop at the Middletown Giant, where Joyce planned to exit.  (<u>Id.</u> ¶¶ 17-19.)  Joyce confirmed

with the driver of the bus that the bus was going to stop at the Middletown Giant.  (<u>Id.</u> ¶ 20.)

The driver responded "yes, we will be alone at the Giant."  (<u>Id.</u> ¶ 21.)  The last remaining

passengers exited the bus at stops before the Middletown Giant, leaving Joyce and the driver

alone on the bus.  (<u>Id.</u> ¶ 23.)

      When the bus reached the Middletown Giant, the driver drove the bus to the far left end

of the parking lot, and parked.  (<u>Id.</u> ¶ 24.)  As Joyce gathered her things to exit the bus, she heard

a loud "click" noise, rather than the sound of the doors being opened.  (<u>Id.</u> ¶ 25.)  The driver

locked the doors to the bus, trapping Joyce on the bus alone with him.  (<u>Id.</u> ¶ 26.)  The driver

blocked the door to the bus and stated, "OK, come on, you and I are going to get it on in the back

of the bus."  (<u>Id.</u> ¶ 27.)  While saying this, the driver made sexual thrusting motions toward

Joyce.  (<u>Id.</u> ¶ 28.)  Joyce remarked "Are you kidding me?"  (<u>Id.</u> ¶ 31.)  The driver persisted,

responding "No, let's go, right here in the back of the bus, just the two of us."  (<u>Id.</u> ¶ 32.)  Joyce

refused his advances and demanded to be let off the bus.  (<u>Id.</u> ¶¶ 33-34.)  The driver blocked

Joyce's exit, grabbed her, stating "come on, it's New Year's Eve," and then attempted to kiss

her.  (<u>Id.</u> ¶ 36.)  Joyce, fearing that she would be physically harmed by the driver, pretended to

be willing to give him a kiss, so she could attempt to escape the bus.  (<u>Id.</u> ¶¶ 37-38.)  However,

the driver grabbed her arms tightly and pulled her against him and kissed her on the mouth.  (<u>Id.</u>

¶¶ 39-40.)  Joyce continued to struggle and eventually freed herself from the driver, ran towards

the door, and demanded to be let off the bus.  (<u>Id.</u> ¶ 42.)  The driver unlocked the doors, and

Joyce ran across the parking lot to a nearby pizza shop, where she reported the incident.  (<u>Id.</u> ¶¶

43-44.)      Joyce subsequently took her regular bus to work on January 2, 2014, and told the

driver of her regular bus, who she knew as "Corey," about the incident that occurred on December 31.  (Id. ¶¶ 48-50.)  Corey convinced her to go with him to the General Manager of the CAT office as soon as he completed the route.  (Id. ¶ 51.)  Joyce reported the incident to the General Manager of CAT.  (Id. ¶ 52.)  The individuals at CAT identified the driver based on the description provided by Joyce, but did not provide his name to her.  (Id. ¶ 53.)  He was described as a "floater" driver.  (Id. ¶ 54.)  Joyce's regular driver told her "that the driver who assaulted Joyce had previously solicited [a relative of his] for sex after acquiring her number under false pretenses."  (Id. ¶ 55.)  Joyce alleges that the driver responsible for the incident was a former firefighter in the City of Harrisburg and had a history of similar misconduct prior to being hired by CAT.  (Id. ¶ 56.)  Joyce alleges that CAT was aware of other incidents of misconduct by the driver prior to  December 31, 2013.  (Id. ¶ 57.)

On or about January 3, 2014, CAT Operations Manager Brad Flickinger sent Joyce a letter of apology from CAT regarding the incident.  (Id. ¶ 58.)  Flickinger indicated that he had seen video and heard audio of the incident and that the driver had been immediately terminated. (Id. ¶ 59.)   On behalf of CAT, Flickinger gave Joyce several months' worth of bus passes and admitted that "it in no way compensates [her] for what [she] went through."  (Id. ¶ 60.)  As a result of this incident, Joyce alleges that she has developed severe general anxiety in public, and particularly in any enclosed space, which is exacerbated if older men are present.  (Id. ¶ 65.) Joyce also has exhibited symptoms of severe anxiety including loss of sense of smell, ringing in her ears, migraines, panic attacks, shortness of breath, nausea and a nervous cough.  (Id. ¶ 66.) Joyce has lost significant time from work as a result of her anxiety and depression, which have required ongoing treatment, including prescription medication and ongoing therapy.  (Id. ¶¶ 67-

68.) Joyce alleges that a criminal investigation into the incident was initiated; however, she is

not aware of the status of the investigation. (Id. ¶ 70.)

### B.  Procedural Background

On December 31, 2015, Joyce commenced this action by filing a complaint in the Court

of Common Pleas of Dauphin County against CAT and Cramer, whom Joyce identified as the

driver of the Number 7 CAT bus on December 31, 2013. (Doc. No. 6 at 3.) Joyce's complaint

asserts six counts for relief, including five state law tort claims and one claim under federal law.

The first three counts are asserted solely against Cramer: (1) false imprisonment; (2) assault and

battery; and (3) intentional infliction of emotional distress. (Id. at 11-14.) Counts 4 and 5 are

asserted against CAT – Count 4 asserts negligence and gross negligence, and Count 5 asserts a

"respondeat superior" claim. (Id. at 14-18.) Finally, Count 6 asserts a 42 U.S.C. "§1983 action

against CAT and John Doe." (Id. at 18-20.)

Subsequent to the filing of her complaint in state court, Joyce filed praecipes to reinstate

the complaint on January 29, 2016, February 29, 2016, and March 30, 2016. (Id. at 22-24.) The

January 29 praecipe to reinstate the complaint represented that "[e]fforts to secure acceptance by

CAT and a reliable address for Mr. Cramer are ongoing." (Id. at 22.) Further, the praecipes to

reinstate the complaint filed in the Court of Common Pleas of Dauphin County on February 29

and March 30 stated that "[s]ervice of defendants by the Sheriff at the best known addresses is

being processed on this date." (Id. at 23-24.) The complaint was ultimately served on

Defendant CAT on April 5, 2016, (id. at 77), and on Defendant Cramer on April 12, 2016 (id. at

78). CAT filed preliminary objections to the complaint on April 25, 2016, and amended

preliminary objections to the complaint on May 4, 2016. (Doc. No. 6 at 25, Doc. No. 10 at 2.)

CAT also filed a praecipe to file a certificate of incorporation with attached articles of incorporation on May 4, 2016.  (Doc. No. 10 at 83.)  CAT filed a notice of removal with this Court on the same day.  (Doc. No. 1.)

On May 11, 2016, CAT filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(4) on the grounds of insufficient process, Federal Rule of Civil Procedure 12(b)(5) on the grounds of insufficient service of process, and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  (Doc. No. 3.)  On May 13, 2016, Defendant Cramer filed his motion to dismiss on the same grounds.  (Doc. No. 7.)  CAT filed a brief in support of its motion to dismiss on May 25, 2016, (Doc. No. 9), and Cramer filed a brief in support of his motion on May 27, 2016, (Doc. No. 11).  On June 15, 2016, Joyce filed a document entitled "Motion to Dismiss Filed by Plaintiff Joyce."  (Doc. No. 12.)  Upon Joyce's failure to file a brief in opposition to Defendants' motions to dismiss, the Court issued an Order on June 17, 2016 directing Joyce to show cause within ten days why Defendants' motions to dismiss should not be granted as unopposed.  (Doc. No. 13.)  On June 27, 2016, Joyce filed a brief in opposition to Defendants' motions to dismiss.  (Doc. No. 14.)  On July 11, 2016, Defendant CAT filed its reply brief in further support of its motion to dismiss.  (Doc. No. 15.)  Having been fully briefed, this matter is now ripe for disposition.

## II.    LEGAL STANDARD

A motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint's factual allegations.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon

which it rests." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal quotation marks omitted) (interpreting Fed. R. Civ. P. 8(a)).  Generally, a court considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) must determine whether the complaint contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." <u>Iqbal</u>, 556 U.S. at 678.

Consistent with the Supreme Court's rulings in <u>Twombly</u> and <u>Iqbal</u>, the United States Court of Appeals for the Third Circuit requires district courts to engage in a two-part analysis when reviewing a Rule 12(b)(6) motion:  (1) first, a court should separate the factual and legal elements of a claim, accepted well-pleaded factual matter and disregarding legal conclusion; (2) second, a court should determine whether the remaining well-pled facts sufficiently demonstrate that a plaintiff has a "plausible claim for relief." <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210-11 (3d Cir. 2009) (quoting <u>Iqbal</u>, 556 U.S. at 679).  Facial plausibility exists when the plaintiff pleads factual content "that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678 (internal citations omitted).

In conducting its analysis, a court must accept all well-pleaded factual allegations in the complaint as true for purposes of determining whether the complaint states a plausible claim for relief, and must view the factual allegations in the light most favorable to the plaintiff. <u>Phillips v. Cnty of Allegheny</u>, 515 F.3d 224, 231 (3d Cir. 2008).  The court's determination on a Rule 12(b)(6) review is not whether the non-moving party "will ultimately prevail," but whether that party is "entitled to offer evidence to support the claims." <u>United States ex rel. Wilkins v. United Health Grp., Inc.</u>, 659 F.3d 259, 302 (3d Cir. 2011) (internal citations omitted).  The

court's analysis is a context-specific task requiring the court "to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 663-64.

In ruling on a 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).  A court may also consider "any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d ed. 2004)).

## III.   DISCUSSION

### A.   Defendants' motions to dismiss

In their motions to dismiss and supporting briefs, Defendants CAT and Cramer assert several grounds upon which they maintain Joyce's claims should be dismissed, including arguments regarding Joyce's efforts to serve the complaint and the effect of those efforts on the tolling of the statute of limitations governing her claims, and immunity under the Commonwealth of Pennsylvania's Municipal Authorities Act.  However, the Court declines to address the majority of those arguments, as it finds that Joyce's complaint fails to assert a cognizable federal claim.

Joyce's complaint attempts to assert a violation of 42 U.S.C. § 1983, which provides citizens a means to redress violations of federal law committed by state officials.  See 42 U.S.C.

§ 1983.  Her assertion of a Section 1983 claim provides the sole basis for Defendant CAT's

removal of this action from state to federal court.  Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State or Territory or the District of Columbia,
> subjects, or causes to be subjected, any citizen of the United States or
> other person within the jurisdiction thereof to the deprivation of any rights,
> privileges, or immunities secured by the Constitution and laws, shall be
> liable to the party injured in an action at law, suit in equity, or other proper
> proceeding for redress.

Id.  "Section 1983 is not a source of substantive rights, but merely a method to vindicate

violations of federal law committed by state actors."  Pappas v. City of Lebanon, 331 F. Supp.2d

311, 315 (M.D. Pa. 2004) (quoting Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002)).  To

state a claim under this section, a plaintiff must allege that: (1) the conduct complained of was

committed by persons acting under color of state law; and (2) the conduct violated a right,

privilege, or immunity secured by the Constitution or laws of the United States.  See Harvey v.

Plains Twp. Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005) (quoting West v. Atkins, 487 U.S.

42, 48 (1988)).

> Count 6 of Joyce's complaint alleges the following:
>
> The wrongful conduct involved false imprisonment i[n] violation of the
> Constitutional rights of Joyce.  CAT and Jim Cramer/John Doe were acting
> under color of state law as a public common carrier and bus driver for a
> public common carrier.  Cramer acted intentionally and with deliberate
> indifference to Joyce's rights to be free from wrongful detention and to be
> free from assault and battery while in such detention. The acts and omissions
> of CAT management as described above demonstrate deliberate indifference
> and callous indifference for known and foreseeable risk[s] of the very wrongful
> conduct to which Joyce was subjected.  The conduct of Jim Cramer was committed
> willfully, knowingly, maliciously, intentionally, and recklessly.  CAT performed its
> supervisory duties in an intentionally or grossly negligent manner with callous
> indifference to the life safety and welfare of CAT riders including Plaintiff.

(Doc. No. 1-4 ¶¶ 113-118.)

As noted above, a claim brought under Section 1983 requires the assertion of a violation of a Constitutional right.  See Harvey, 421 F.3d at 189.  The only "right" that the allegations above can be fairly construed to assert is a right to be free from "false imprisonment" or "wrongful detention" by CAT or one of its drivers.  However, the Third Circuit has recognized a Section 1983 claim for false imprisonment only in the context of unlawful arrests or detentions by law enforcement.  In Groman v. Twp. of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995), the Third Circuit stated that "[a] false imprisonment claim under 42 U.S.C. § 1983 is based on the Fourteenth Amendment protection against deprivations of liberty without due process of law . . . . where the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest.  A false imprisonment claim under § 1983 which is based on an arrest made without probable cause is grounded in the Fourth Amendment's guarantee against unreasonable seizures."  Id. (citations omitted).

Joyce does not cite to, nor has this Court found, any authority in this Circuit recognizing a Section 1983 claim for false imprisonment outside of the law enforcement context.  See Buonadonna, et al. v. Se. Delco Sch. Dist., et al., No. 14-02708, 2015 WL 2365629, at *3-*4 (E.D. Pa. May 18, 2015) (finding that a Section 1983 claim for false imprisonment asserted by students riding on a school bus failed as a matter of law, as no such claim exists outside of the law enforcement context).  In Buonadonna et al. v. Se. Delco Sch. Dist., et al., the court cited the United States Supreme Court's decision in Baker v. McCollan, 443 U.S. 137, 146 (1979), where the Court cautioned against conflating constitutional law and tort law, stating that "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law.  Remedy for the latter type of injury must be sought in state court

under traditional tort-law principles."  Baker, 443 U.S. at 146.  Here, just as in Buonadonna,

while Joyce may be able to state a common law tort claim for false imprisonment, she has not

alleged a deprivation of a Constitutional right, and thus, she has no cognizable claim under

Section 1983.  Accordingly, the Court will dismiss with prejudice Count 6 of Joyce's complaint.

     As noted above, the remaining counts of Joyce's complaint consist of state tort law

claims brought against Defendants Cramer and CAT.  Joyce asserts three intentional tort claims

against Cramer (false imprisonment, assault and battery, and intentional infliction of emotional

distress), and claims of negligence and what appears to be a vicarious liability claim against

CAT.  In the absence of a cognizable federal claim, this Court declines to exercise supplemental

jurisdiction over the remaining state law claims, and instead, will remand them back to the

Dauphin County Court of Common Pleas, the forum that is best suited to address Joyce's state

law claims and Defendants' arguments regarding Joyce's failure to properly effect service under

state law.  28 U.S.C. § 1367(c)(3) ("[D]istrict courts may decline to exercise supplemental

jurisdiction over a claim . . . . [when] the district court has dismissed all claims over which it has

original jurisdiction.");  Carnegie-Mellon Univ. v. Cahill, 484 U.S. 343, 349, 357 (1988)

(holding that a district court "has discretion to remand to state court a removed case involving

pendent claims upon a proper determination that retaining jurisdiction over the case would be

inappropriate," such as "when the federal-law claims have dropped out of the lawsuit in its early

stages and only state-law claims remain").

     **B.      Joyce's "Motion to Dismiss"**

     The "Motion to Dismiss Filed by Plaintiff Joyce" states that it seeks to dismiss "the

added grounds for Preliminary Objections in the Amended Preliminary Objections and Motion to

Dismiss which were untimely and improper in the State Court, and reasserted here related to

alleged insufficient process and/or insufficient service of process, and the Motion to Dismiss of

Cramer which was untimely and barred under state procedure before the removal to this Court."

(Doc. No. 12 at 1.)  Although it is difficult to discern exactly what Joyce refers to in this

statement, the Court construes this filing as attacking Defendants' respective motions to dismiss

and supporting briefs that advance arguments relating to the improper nature of service of the

complaint, as untimely.  (See Doc. Nos. 3, 7, 9, 11.)

However, under the Federal Rules of Civil Procedure and the Local Rules of this Court,

an argument opposing a ground upon which a motion to dismiss is based is properly made in a

brief in opposition to a defendant's motion to dismiss, not by way of filing a "motion to dismiss"

a particular argument made by a defendant.  See Local Rule 7.6 ("Any party opposing any

motion  . . . shall file a brief in opposition").  Accordingly, as Joyce's "motion to dismiss" is not

responsive to any pleading, and merely seeks to oppose arguments made in the motions and

briefs of the Defendants, it is not properly before this Court, and the Court can disregard the

motion.  See Sfakianos v. Shelby Cnty. Gov't, No. 08-2172, 2010 WL 4791680, at *2 (W.D.

Tenn. Aug. 2, 2010) (recognizing that Federal Rule of Civil Procedure 12(f) only provides the

means for striking pleadings, and therefore excluding from its consideration any documents not

properly before the court); Lombard v. MCI Telecom. Corp., et al., 13 F. Supp. 2d 621, 625

(N.D. Ohio 1998) (same).  Furthermore, even assuming that the motion to dismiss filed by Joyce

was properly before this Court, Joyce failed to file a brief in support of the motion to dismiss in

accordance with Local Rule 7.5.  Accordingly, Joyce's motion to dismiss will be deemed

withdrawn.  See Local Rule 7.5 ("Within fourteen (14) days after the filing of any motion, the

11

party filing the motion shall file a brief in support of this motion. . . . If a supporting brief is not

filed within the time provided in this rule the motion shall be deemed to be withdrawn.").

## IV.    CONCLUSION

For the reasons stated above, The Court will deem Joyce's "Motion to Dismiss"

withdrawn, grant in part Defendant CAT's motion to dismiss as to Count 6, and grant in part

Defendant Cramer's motion to dismiss as to Count 6.  Further, the Court will decline to exercise

jurisdiction over Joyce's pendent state law claims and will remand this case to the Dauphin

County Court of Common Pleas for further proceedings.  An Order consistent with this

Memorandum follows.


 s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania